**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MATTHEW BAKER, et al.** | § | |
| | § | |
| **V.** | § | **A-22-CV-1249-RP** |
| | § | |
| **BRYAN COLLIER, et al.** | § | |
| | § | |

**ORDER**

     Before the Court are Plaintiffs' complaint, Defendants' Motion to Transfer Venue and Plaintiffs' response thereto. After consideration of the pleadings and the applicable law, Defendants' Motion to Transfer Venue is granted.

     Plaintiffs filed their original complaint in the Houston Division of the Southern District of Texas. The Houston court received the complaint on November 1, 2022. Plaintiffs allege that the policies of the Texas Department of Criminal Justice (TDCJ) relating to climate control within TDCJ facilities are insufficient, resulting in violations of their Eighth Amendment rights. They identify several instances when prison staff at the Robertson Unit allegedly failed to comply with TDCJ's policies, resulting in further violations of their rights. After reviewing the complaint, on November 3, 2022, the Houston court transferred Plaintiffs' complaint to the Abilene Division of the Northern District of Texas because the plaintiffs' claims arose out of the events and conditions that occurred at the Robertson Unit of TDCJ, which is located in Abilene. In addition, the court noted that all of the plaintiffs are housed in the Robertson Unit, and it would be in the interest of justice, and for the convenience of the parties and witnesses, to transfer the complaint to Abilene.

1

After the case was transferred to Abilene, Plaintiffs paid the full filing fee for the case and requested the Abilene court to transfer the case to the Austin Division of the Western District of Texas.  Plaintiffs alleged the Western District is where the majority of the defendants reside and where the actual events underlying the suit occurred.  Plaintiffs objected to the Southern District's characterization that the events giving rise to the suit occurred in Abilene.  Instead, Plaintiffs stated the underlying facts occurred in Austin, and any mention of alleged deficiencies in TDCJ's heat mitigation techniques at the Robertson Unit were just examples of the unit's conformity to TDCJ policy.  Additionally, Plaintiffs state they could teleconference from the Robertson Unit for Western District hearings.  Because the Defendants had not yet been served, Plaintiffs did not serve a copy of their request to transfer on the defendants.  Plaintiffs' request was granted on November 28, 2022.

Upon receipt of Plaintiffs' complaint, the Court issued an order, reminding Plaintiffs they were responsible for serving the defendants because they paid the full filing fee.  Waivers of service were filed on February 6, 2023.  Defendants subsequently filed a Motion to Transfer Venue and Motion to Dismiss.

Defendants move to transfer the case to the Abilene Division of the Northern District of Texas.  They argue the Abilene Division is an appropriate venue and is more convenient because the Plaintiffs reside there, thus minimizing safety and logistical concerns, and the alleged events or omissions giving rise to Plaintiffs' claims occurred there.  Defendants deny that most of the defendants live in Austin.  They point out that more Board Members, sued by the plaintiffs, reside in the Northern District of Texas than the Western District of Texas.  Defendants also point out that Defendants incorrectly asserted that any policy or work promulgated by the Board Members would *per se* occur in Austin.  Defendants deny that Board Members predominantly work in their official

2

capacities in Austin.  According to Defendants, since returning to in-person meetings after the pandemic, six of the nine Board meetings have occurred in places other than Austin.  In addition, they assert Defendants Collier, Mendoza, and Lumpkin do not reside within the Western District of Texas.

Defendants also assert Plaintiffs are all located in the Robertson Unit, which is approximately 12.5 miles from the federal courthouse in Abilene and approximately 225 miles from the federal courthouse in Austin.  Defendants maintain transporting Plaintiffs to Austin for hearings or trial would pose safety and logistical issues due to the number and the violent nature of Plaintiffs.  Defendants explain Plaintiffs' convictions range from Capital Murder, Continuous Sexual Abuse of a Child, Aggravated Sexual Assault of a Child, and Injury to a Child.  Defendants do not believe holding hearings or trial by video conference from the Robertson Unit would be a feasible alternative.

They also argue the location of evidence and witnesses favor an Abilene forum because it will required witnesses from the Robertson Unit to determine if the heat mitigation techniques are properly applied.  Relatedly, they argue the availability of compulsory process from witnesses favors an Abilene forum because Austin lies outside the compulsory process unless an exception applies.  In addition, the cost for witnesses to travel would increase if witnesses were required to travel to Austin.

Plaintiffs respond that venue is more convenient in Austin.  They assert the residence of defendants sued in their official capacity is where they perform their official duties.  Plaintiffs contend this is in Austin because that is where the Board has its headquarters.  Plaintiffs believe the personal residences of the defendants are irrelevant.  Plaintiffs also believe any pretrial hearings

could be conducted remotely.  Plaintiffs deny they pose a security risk.  They assert their custody level is General Population Level 3 and most are housed in the same two wings of the prison. Plaintiffs also deny the operative events or omissions giving rise to their suit do not originate from the Robertson Unit, as the policymaking responsibilities are not executed in Abilene.

There is no specific venue provision contained in the Civil Rights Act under which this action was brought. Therefore, venue in civil rights cases is controlled by 28 U.S.C. § 1391. The relevant portions of the statute provide:

A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  In addition, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

The transfer analysis proceeds in two parts.  First, the district court must ask whether the case "might have been brought" in the destination venue.  28 U.S.C. § 1404(a).  There is no question Plaintiffs complaint might have been brought in the Abilene Division of the Northern District of Texas given that is where a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

4

Second, the district court must weigh the private and public interest factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) to determine whether the destination venue is "clearly more convenient than the venue chosen by the plaintiff."  *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

> The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re Volkswagen*, 545 F.3d at 315 (quotations omitted).

The Court has carefully considered each of the private and public interest factors and concludes they weigh in favor of transfer.  Most importantly, all of the plaintiffs are incarcerated in the Robertson Unit located in close proximity to the Abilene court.  Transporting Plaintiffs to the Abilene court will be more convenient and pose fewer safety issues.  The Abilene court will also be more convenient for the witnesses to travel there and be subject to the compulsory process to secure their attendance.  Finally, Abilene is where a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

It is therefore **ORDERED** that the Motion to Transfer Venue, filed by Defendants on March 28, 2023, is **GRANTED**.  This case is transferred to the Abilene Division of the Northern District of Texas.

**SIGNED** on September 21, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

6